**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NOEL GARCIA, | : | Civil No. 3:26-cv-2532 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| CITY OF BELLEFONTE, *et al.*, | : | |
| Defendants | : | |

FILED
SCRANTON
SEP 16 2026
PER ___ DEPUTY CLERK

**MEMORANDUM**

Plaintiff Noel Garcia ("Garcia"), an inmate in the custody of the Pennsylvania Department of Corrections initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Garcia seeks to proceed *in forma pauperis*. (Doc. 6).

The complaint is presently before the Court for preliminary screening. For the following reasons, the complaint will be dismissed with prejudice in part pursuant to 28 U.S.C. § 1915A(b)(1).

## I. Legal Standard

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted[,]" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b)(1), (2). The Court has

a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2), or 42 U.S.C. § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Brodzki v. Tribune Co.*, 481 F. App'x 705, 706 (3d Cir. 2012) (*per curiam*); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Though a complaint 'does not need detailed factual allegations,...a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but...disregard[s] legal conclusions and threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Garcia proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II. The Complaint

In the complaint, Garcia names the following Defendants: The City of Bellefonte, Pennsylvania State Police Troop G, and Pennsylvania State Trooper Christopher Shivery. (Doc. 1 ¶¶ 6-8).

Garcia alleges that the Office of Magisterial District Judge Kelley Gillette-Walker and its employees utilize an automated electronic case management system that automatically schedules court proceedings and executes arrest warrants, without procedural safeguards to a defendant. (*Id.* ¶¶ 10, 11). Garcia also contends that Pennsylvania State Police Troop G uses this same automated electronic case management system to execute arrest warrants and provide preliminary arraignment hearings. (*Id.* ¶ 12).

Garcia alleges that, on June 29, 2026, Pennsylvania State Trooper Shivery filed a criminal complaint against him in Centre County, charging him with assault by a prisoner. (*Id.* ¶¶ 13, 14). Garcia alleges that Pennsylvania State Trooper Shivery "introduced a falsified affidavit of Probable Cause" by identifying and referring to himself as another

trooper. (*Id.* ¶ 15). He contends that the Office of Magisterial District Judge Kelley Gillette-Walker issued an arrest warrant for assault by a prisoner. (*Id.* ¶ 16).

On July 17, 2026, Garcia appeared via videoconference for a preliminary arraignment before Magisterial District Judge Kelley Gillette-Walker. (*Id.* ¶¶ 22-24). At the hearing, Garcia raised his concerns about the use of the automated computer system and that Pennsylvania State Trooper Shivery may have lacked probable cause to arrest him. (*Id.* ¶ 23). The matter was ultimately forwarded to the Centre County Court for a preliminary hearing. (*Id.* ¶ 24).

On July 29, 2026, Garcia was transported from SCI-Benner Township to the Centre County Courthouse for a preliminary hearing. (*Id.* ¶ 25). Prior to the preliminary hearing, the Commonwealth withdrew the criminal charges against Garcia. (*Id.* ¶¶ 26-28).

On August 6, 2026, Garcia was administratively separated from SCI-Benner Township and was transferred to SCI-Greene. (*Id.* ¶ 29).

Garcia contends that the City of Bellefonte failed to act and failed to properly train staff concerning the use of the automated computer system. (*Id.* ¶ 34).

Garcia alleges that Defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. (*Id.* ¶¶ 34-37). He seeks declaratory relief as well as compensatory and punitive damages, and costs associated with litigating this action. (*Id.* ¶¶ 40-44).

## III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights.

It is well-settled that neither a state nor its agencies are considered "persons" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that a state may not be sued in federal court pursuant to § 1983, and is not a "person" for purposes of that provision). The Pennsylvania State Police Troop G is not a person within the meaning of 42 U.S.C. § 1983 and is not amenable to suit under § 1983. *See, e.g., Burnsworth v. PC Lab.*, 2008 WL

4372861, at *7 (W.D. Pa. Sept. 19, 2008), *aff'd*, 364 F. App'x 772 (3d Cir. 2010) ("[The] Pennsylvania State Police is not suable under Section 1983 because it is not a person within the meaning of Section 1983 ..."). Accordingly, Garcia's claims against the Pennsylvania State Police Troop G fail under the federal civil rights statute as a matter of law.

Moreover, Pennsylvania State Trooper Shivery in his official capacity is entitled to Eleventh Amendment immunity. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will*, 491 U.S. at 70-71. Absent abrogation by Congress or waiver by the state, the Eleventh Amendment to the United States Constitution provides that states, and their constituent agencies or departments, are immune from suit in federal court. *Pennhurst*, 465 U.S. at 99-100; *A.W.*, 341 F.3d at 238; *see also Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (holding that "the [E]leventh [A]mendment's bar extends to suits against departments or agencies of the state having no existence apart from the state"). The Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity for lawsuits filed in federal court. *See* 42 Pa. Cons. Stat. § 8521(b). Accordingly, the claims

against Pennsylvania State Trooper Shivery in his official capacity must be dismissed with prejudice.

## IV. <u>Leave to Amend</u>

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips*, 515 F.3d at 245. Leave to amend may be denied based on undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court finds that, for the reasons set forth herein, granting Garcia leave to amend his claims the Pennsylvania State Police Troop G and Pennsylvania State Trooper Shivery in his official capacity would be futile.

## V. Conclusion

Consistent with the foregoing, the Court will grant Garcia leave to proceed *in forma pauperis* and will dismiss his complaint with prejudice in part pursuant to 28 U.S.C. § 1915A(b)(1)—the claims against the Pennsylvania State Police Troop G and Pennsylvania State Trooper Shivery in his official capacity will be dismissed with prejudice. The claims against the City of Bellefonte and Pennsylvania State Trooper Christopher Shivery in his personal capacity will be allowed to proceed.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: September 16, 2026